DAVID J. STREZA (CSB #209353)
VOGL MEREDITH BURKE LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Telephone No: (415) 398-0200
Facsimile No: (415) 398-2820
E-mail: dstreza@vmbllp.com

*Local Counsel for Defendant Trans Union, LLC (improperly identified as TransUnion Corp.)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN CHAMBERS,<br><br>Plaintiff,<br><br>vs.<br><br>TRANSUNION CORP. and DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | Case No.<br><br>TRANS UNION, LLC'S NOTICE OF REMOVAL |

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Trans Union, LLC ("Trans Union") hereby removes the subject action from the Contra Costa County, Superior Court of California, to the United States District Court for the Northern District of California, on the following grounds:

1. Plaintiff Ryan Chambers served Trans Union on or about August 11, 2017, with a Summons and Complaint filed in the Santa Clara County, Superior Court of California. Copies of the Summons and Complaint are attached hereto as Exhibit A and Exhibit B, respectively. Trans Union also was served with a Civil Case Cover Sheet and a Notice Of Case Management Conference, attached hereto as Exhibit C and Exhibit D, respectively. No other process, pleadings or orders have been served on Trans Union.

2. Plaintiff makes claims under, alleges that Trans Union violated and alleges that Trans Union is liable under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"). See Complaint ¶¶1, 7 and 15-25.

///

3. This Court has original jurisdiction over the subject action pursuant to 28 U.S.C. § 1331 since there is a federal question. As alleged, this suit falls within the FCRA which thus supplies this federal question.

4. Pursuant to 28 U.S.C. § 1441, et seq., this cause may be removed from the Contra Costa County, Superior Court of California, to the United States District Court for the Northern District of California.

5. Notice of this removal will promptly be filed with the Contra Costa County, Superior Court of California and served upon all adverse parties.

WHEREFORE, Defendant Trans Union, LLC, by counsel, removes the subject action from the Contra Costa County, Superior Court of California to this United States District Court, Northern District of California.

Dated: September 1, 2017

VOGL MEREDITH BURKE LLP

BY: ______________________________

David Streza, Esq. (CSB #209353)
Vogl Meredith Burke LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Telephone: (415) 398-0200
Facsimile: (415) 398-2820
E-Mail: dstreza@vmbllp.com

*Local Counsel for Defendant Trans Union, LLC (improperly identified as TransUnion Corp.)*

# **<u>EXHIBIT "A"</u>**

# **SUMMONS TO TRANS UNION, LLC**

COPY

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

BY FAX

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

2017 AUG -8 P 2:51

STEPHEN H. NASH
CLERK OF THE SUPERIOR COURT
CONTRA COSTA, CA
K. VAQUERANO

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

TRANSUNION CORP.; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

RYAN CHAMBERS,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* George D. Carroll Courthouse
100 – 37th Street
Richmond, CA 94805

CASE NUMBER: *(Número del Caso):* C 17 - 01511

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 877-206-4741

DATE: *(Fecha)* AUG 08 2017 Clerk, by *(Secretario)* K. VAQUERANO , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: **TransUnion Corp.**

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.

# <u>EXHIBIT "B"</u>

# COMPLAINT TO TRANS UNION, LLC

COPY

Todd M. Friedman (216752)
Adrian R. Bacon (2803332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

FILED

2017 AUG -8 P 2: 51

STEPHEN H. NASH
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY K. VAQUERANO

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF CONTRA COSTA**
**UNLIMITED JURISDICTION**

SUMMONS ISSUED

| | |
|---|---|
| RYAN CHAMBERS,<br><br>Plaintiff,<br><br>-vs-<br><br>TRANSUNION CORP.; and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO.: C 17-01511<br><br>COMPLAINT<br><br>1. Violation of the Fair Credit Reporting Act<br>2. Violation of California Consumer Credit Reporting Agencies Act<br><br>(Amount to Exceed $25,000)<br><br>PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT 9 |

BY FAX

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA") and the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25 (a) (hereinafter "CCRA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information.

2. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

## II. PARTIES

3. Plaintiff, RYAN CHAMBERS ("Plaintiff"), is a natural person, and is a "consumer" as defined by 15 U.S.C. §1681a.

4. Defendant, TRANSUNION CORP. ("Defendant"), is a "person" as that term is defined by 15 U.S.C. §1681a(b). Defendant is an "information furnisher" as the term is used in the FCRA and CCRA. Furthermore, Defendant is a person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of preparing or furnishing consumer reports, and Defendant is therefore a "consumer reporting agency" as the term is defined under the FCRA, 15 U.S.C. § 1681a(f).

5. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

6. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## III. FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's credit report. Defendant alleges that Plaintiff was late in making payments on a debt. However, such an allegation is false, misleading, or incomplete.

8. In or around 2013, Plaintiff satisfied a debt, originally owed to TD Bank, N.A. (hereinafter, "TD"), with Frontier Financial. That is, some time in or around 2013, TD hired Frontier Financial to collect the debt on TD's behalf, and Plaintiff settled the debt once Frontier Financial contacted him in regard thereto.

9. However, TD reported to Defendant that the debt was never satisfied and that Plaintiff has been delinquent on the debt since 2013.

10. Such furnishing of derogatory information was false, misleading, or incomplete.

11. Defendant reported the erroneous derogatory information on Plaintiff's consumer credit report.

12. This reporting had a severely negative effect on Plaintiff's credit score.

13. Plaintiff disputed in writing the reporting with Defendant, but Defendant refused to cease furnishing the erroneous information to the credit reporting agencies. Furthermore, Defendant refused to properly validate the information and instead, falsely reported it. As of the time of the filing of this Complaint or within two years, Defendant have continued to report erroneously and derogatorily on Plaintiff's credit report despite his request for correction.

14. Plaintiff has applied for credit in order to purchase the home that he has lived in for the past eight (8) years, but he was denied the necessary credit because of the erroneous and derogatory information reported on his consumer report by Defendant.

15. Defendant are aware that the third parties to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

16. As a result of Defendant' inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased. Plaintiff was and/or will be denied future loans due to the derogatory items placed by Defendant on Plaintiff's credit report.

17. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

18. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

19. Plaintiff has been damaged, and continues to be damaged, in the following ways:

a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

b. Decreased credit score which may result in inability to obtain credit on future attempts; and
c. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

20. At all times pertinent hereto, Defendant were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

22. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and
b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

23. Defendant' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

24. Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

25. As a result of the above violations of the FCRA and CCRA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant are liable to PLAINTIFF for PLAINTIFF'S actual damages, statutory damages, and costs and attorney's fees.

**COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT**

26. Plaintiff includes by reference all of the aforementioned paragraphs as if fully set forth herein.

27. To the extent that Defendant' actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

**COUNT II: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

28. Plaintiff includes by reference all of the aforementioned paragraphs as if fully set forth herein.

29. Cal. Civ. Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

30. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

31. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages;
B. Statutory damages;

C. Costs and reasonable attorney's fees; and

D. For such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

32. Plaintiff, pursuant to his rights under Article 1, Section 16 of the Constitution of the State of California, demands a trial by jury on all issues so triable.

Respectfully submitted this 7th day of August, 2017.

By: ______________________

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

# EXHIBIT "C"

# CIVIL CASE COVER SHEET

COPY

CM-010

BY FAX

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
TELEPHONE NO.: 877-206-4741 FAX NO.: 866-633-0228
ATTORNEY FOR (Name): Plaintiff, RYAN CHAMBERS

FOR COURT USE ONLY

FILED
2017 AUG -8 P 2:51
STEPHEN H. NASH
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA
BY: K. VARDERRANO

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 100 – 37th Street
MAILING ADDRESS: 100 – 37th Street
CITY AND ZIP CODE: Richmond 94805
BRANCH NAME: George D. Carroll Courthouse

CASE NAME:
RYAN CHAMBERS v. TRANSUNION CORP.

**CIVIL CASE COVER SHEET**

- [x] Unlimited (Amount demanded exceeds $25,000)
- [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
- [ ] Counter
- [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: C 17-01511
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [x] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: 2
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 7, 2017
Todd M. Friedman
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

# EXHIBIT "D"

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

SUPERIOR COURT - MAR NEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

CHAMBERS VS TRANSUNION

NOTICE OF CASE MANAGEMENT CONFERENCE CIVMSC17-01511

1. NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 01/04/18 DEPT: 09 TIME: 9:00

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES. ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY OF RECORD MUST APPEAR.

2. You may stipulate to an earlier Case Management Conference. If all parties agree to an early Case Management Conference, please contact the Court Clerk's Office at (925)608-1000 for Unlimited Civil and Limited Civil cases for assignment of an earlier date.

3. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference and to discuss the suitability of this case for the EASE Program, private mediation, binding or non-binding arbitration, and/or use of a Special Master.

4. At any Case Management Conference the court may make pretrial orders including the following:

a. an order establishing a discovery schedule
b. an order referring the case to arbitration
c. an order transferring the case to limited jurisdiction
d. an order dismissing fictitious defendants
e. an order scheduling exchange of expert witness information
f. an order setting subsequent conference and the trial date
g. an order consolidating cases
h. an order severing trial of cross-complaints or bifurcating issues
i. an order determining when demurrers and motions will be filed

SANCTIONS

If you do not file the Case Management Conference Questionnaire or attend the Case Management Conference or participate effectively in the Conference, the court may impose sanctions (including dismissal of the case and payment of money).

Clerk of the Superior Court of Contra Costa County

I declare under penalty of perjury that I am not a party to this action, and that I delivered or mailed a copy of this notice to the person representing the plaintiff/cross-complainant.

Dated: 08/08/17

K. VAQUERANO
Deputy Clerk of the Court

# CERTIFICATE OF SERVICE

I, Katherine Eng, declare that I am a resident of the State of California, am over the age of eighteen years and am not a party to the within action. I am employed with Vogl Meredith Burke LLP, whose address is 456 Montgomery Street, 20th Floor, San Francisco, CA. On September 1, 2017, I served the following documents:

**TRANS UNION, LLC'S NOTICE OF REMOVAL**

I served the documents on the persons listed below, as follows:

| | |
|---|---|
| [ ] | By messenger service. I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service. (A declaration by the messenger is attached hereto as a separate document.) |
| [X] | By United States mail. I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope or package for collection and mailing in accordance with our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California. |

All documents were sent to the following persons in the following manner:

**For Plaintiff Ryan Chambers:**
Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, California 91367
Telephone No: (877) 206-4741
Facsimile No: (866) 633-0228
Email: tfriedman@toddflaw.com
abacon@toddflaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Proof of Service was executed on this 1st day of September 2017, at San Francisco, CA.

Katherine Eng